## STATE v. DeHART.

CRIMINAL LAW. *Obtaining goods under false pretenses. What is not.* Where the defendant has purchased goods, representing falsely that he had in his office· a certain quantity of property liable to his debts, as a means of obtaining credit, this will not warrant an indictment for obtaining goods under false pretenses, under the statute. Common prudence and caution would require the prosecutor to resort to other information concerning these facts.

Cases cited: Chapman v. State, 2 Head, 36; McCorkle v. State, 1 Col., 333.

Code cited: Sec. 4703.

### FROM HAMILTON.

ATTORNEY-GENERAL HEISKELL for the State.

No counsel for defendant.

McFARLAND, J., delivered the opinion of the· Court.

The Attorney General, on behalf of the State, has appealed from the judgment of the Circuit Court of Hamilton county quashing the indictment against the defendant for obtaining goods under false and fraudulent pretenses.

The indictment charges: "That Wm. M. DeHart, on the 22d day of July, 1872, in Hamilton county, did feloniously, falsely and fraudulently obtain from one Frank Meotki, one coat, one pair of pants, one black vest, and two white vests, all of the value of seventy-nine dollars, the property of and in the pos-

State *v.* DeHart.

session of him, the said Frank Meotki, by then and there feloniously, falsely and fraudulently pretending that he, the said W. M. DeHart, had, on the 22d day of July, 1872, received by and through the Southern Express Company at their office in the city of Chattanooga, a package of goods worth sixty-eight dollars, and by further falsely, feloniously and fraudulently pretending and representing to him, the said Frank Meotki, that the aforesaid package of goods, together with much other property of his, the said Wm. M. DeHart, was, at the time aforesaid, in his office at Chattanooga, liable for and subject to be applied to the payment for said goods," thereby inducing said Meotki to confide in the ability of the said defendant to pay for said purchases. The indictment then avers that the representations were false; that said DeHart had not, on the 22d of July, received through the express company said package of goods, and that the same, with much other property of the said DeHart, was not then in his office at Chattanooga liable to be subjected to his debts, but that all of said DeHart's goods and property was then packed up, ready to be clandestinely removed from the State, etc.

The statute creating this offense is in very general terms, and it has been several times said that no general rule can be applied, but that each particular case must be determined upon its own facts. There are some cases of false and fraudulent pretenses that are clearly defined and understood, such as falsely personating another, or falsely pretending to be the

owner of goods, or using a false token, or counter-
feiting letters, etc.: Code, 4703; *Chapman* v. *The
State*, 2 Head, 36. Or by falsely pretending to have
been sent by another person to get the goods on his
credit: *McCorkle* v. *The State*, 1 Col., 333.

On the other hand, it seems clear that the telling
of a mere falsehood as to the defendant's ability to
pay for his purchases, or any falsehood not calculated
to deceive a person of common prudence, is not a
false and fraudulent pretense in the sense of the stat-
ute. The term is to be taken in a legal not a lit-
eral sense. See *Chapman* v. *The State*, 2 Head., 38.

In *McCorkle* v. *The State*, 1 Col., Judge Wright,
delivering the opinion of the court, said: "The prin-
ciple of the case seems to be, that whenever an ex-
ercise of common prudence and caution on the part
of him from whom the goods are obtained would
have enabled him to avoid being imposed upon by
the false pretense alleged, the case is not within the
statute, otherwise it is."

Judge Caruthers, in *Chapman* v. *The State*, says:
"We are not disposed to open the door so wide in
the construction of this severe and penal act, as to
convert every case of falsehood and dishonesty by
which one may get the advantage of another in the
most insignificant matter, into a felony."

The false pretense in this case relates to the means
of the defendant to pay for his purchase, and of his
disposition to pay. The substance of the charge is,
that the defendant did not have in his office, subject
to his debts, the quantity of property which he pre-

tended he did have. If the only foundation for his credit was the existence of the property of the defendant in his office as alleged, common prudence and caution upon the part of the prosecutor should have required him to resort to other information as to these facts. The defendant's conduct, if as alleged, was highly reprehensible, but we think it is not a case of felony under this statute.

Affirm the judgment.